COBB, Judge,
dissenting.
The facts herein are not in dispute. In 1981, the plaintiff, John J. Walker, Sr., began experiencing neck stiffness and pains, later diagnosed to be “minor arthritis.” Walker applied for a disability policy with Illinois Mutual in early 1984, and disclosed to the company his recurrent arthritic neck problems. Consequently, the policy specifically excluded benefits “for any loss, disability or expenses caused by any condition involving the cervical area of the back or spine, including arthritis.”
In October,. 1984, Walker was stricken with, and disabled by, progressive torticol-lis. According to Walker’s treating neurologist, this is a condition caused by a dis-function of brain cells so that they “fail to maintain normal stability of the neck,” in turn resulting in “involuntary spasm of the neck” and a tilting of the head.
The issue on appeal, given these undisputed facts (as agreed by both parties), is whether the trial court erred by denying Illinois Mutual a directed verdict on the issue of coverage. As I read the exclusionary language, it is clear and unambiguous when applied to the instant facts. Walker was disabled by a condition (torticollis) directly involving the cervical area. This exclusion does not depend on the physiological situs of origin of the condition; it encompasses “any condition involving the cervical area.” Webster’s New Collegiate Dictionary 604 (1981) defines the word “involve” as “to have an effect on.” I would reverse for entry of judgment for the defendant company.